426 So.2d 140 (1983)
STATE of Louisiana
v.
Delbert James MANUEL.
No. 82-K-1364.
Supreme Court of Louisiana.
January 10, 1983.
*142 Richard P. Ieyoub, Lake Charles, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Wayne Frey, Asst. Dist. Atty., Eugene Bouquet, Asst. Dist. Atty., for respondent.
DENNIS, Justice.
This case presents the questions of whether the controlled dangerous substances contraband forfeiture statute, La. R.S. 32:1550, is constitutional and, if so, whether there is probable cause for proceedings to forfeit two vehicles as contraband articles related to the production, manufacture or distribution of controlled dangerous substances under the statute.
The state seized two vehicles allegedly owned by Delbert James Manuel and instituted this proceeding under La.R.S. 32:1550 to forfeit them as contraband. Defendant Manuel moved for the release of the automobiles on the ground that the forfeiture statute is unconstitutional. After a hearing, the district court denied defendant's motion. This court granted defendant's application for a review of the ruling. 416 So.2d 936. Except for a controversy as to the ownership of one of the automobiles, the evidence is without dispute.
On November 13, 1981, a police informant arranged for the purchase of 100 Methaqualone (Quaalude) tablets from defendant, Delbert J. Manuel, later that evening. The informant and defendant met in a vacant parking lot, where their transaction was observed from a distance by two police officers. Defendant drove to the point of exchange in a black 1981 GMC pickup truck, registered in his name.
About four months later, on March 18, 1982, a police informant met defendant in a motel parking lot for the purpose of buying 104 Diazepam (Valium) capsules for the price of $100. Defendant arrived at the location in a tan 1976 Buick four-door sedan, which defendant claims belonged to his wife. The transaction was monitored electronically and also observed from a distance by four police officers. Defendant was followed from the parking lot by officers, who stopped defendant and arrested him for distribution of controlled dangerous substances, La.R.S. 40:969 A(1).
On March 22, 1982, officers of the state police submitted affidavits reciting the above facts and obtained warrants to seize the 1981 GMC pickup truck and the 1976 *143 Buick. Both vehicles were seized and impounded by police that same day. Six weeks later, by bill of information, the state charged defendant with three counts of distribution of controlled dangerous substances: two counts of distribution of diazepam, in violation of La.R.S. 40:969 A(1), and one count of distribution of methaqualone, in violation of La.R.S. 40:967 A(1). The bill of information alleges that the distributions took place on September 10, 1981, October 13, 1981, and March 18, 1982. Trials have not commenced on these criminal charges.
A forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law. The forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the prosecution. U.S. v. U.S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); Boyd v. U.S., 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1885); State v. Billiot, 254 La. 988, 229 So.2d 72 (1969); Cornman v. Conway, 178 La. 357, 151 So. 620 (1933).
The defendant's motion for release of the vehicles is similar to a motion to quash in that he contends the forfeiture proceedings are based on an invalid statute. See La.C.Cr.P. art. 532(1). At the hearing, the parties tacitly expanded the proceedings to include the question of whether there was probable cause to forfeit the vehicles under the statute if it were declared to be constitutional. Thus, the proceedings also took on characteristics of a preliminary examination. See La.C.Cr.P. arts. 291 et seq. It was appropriate for the district court to consider these questions in a pretrial proceeding. Where no procedure is specifically prescribed by statute, the court may proceed in a manner consistent with the spirit of the provisions of the constitution and the law. La.C.Cr.P. art. 3.
A statute authorizing the forfeiture of a person's property must in substance and application conform with several provisions of our state constitution.[1] No person may be deprived of property except by due process of law. La. Const., art. 1 § 2. Every person has the right to enjoy all of the attributes of ownership of his private property, subject to reasonable statutory restrictions and the reasonable exercise of police power. Id. Art. 1 § 4. Every person shall be secure from an unreasonable seizure of his property, and a seizure without a warrant issued by a court upon probable cause is unreasonable per se, unless it falls within one of the narrow, traditionally recognized exceptions to the warrant requirement. Id. Art. 1 § 5; State v. Matthews, 366 So.2d 1348 (La.1978); State v. Gordon, 332 So.2d 262 (La.1976); State v. Massey, 310 So.2d 557 (La.1975). Personal effects, other than contraband, shall never be taken. Id. Art. 1 § 4.
In other words, personal effects may not be taken at all unless they are classified as contraband. Personal effects classified as contraband and other property may be taken but only by due process of law. In any event, a person's ownership rights may not be diminished except by reasonable statutory restrictions and the reasonable exercise of police power. Furthermore, a person's property may not be seized except with a warrant issued by a neutral magistrate upon a showing of probable cause, unless the seizure falls within one of the traditional exceptions to the warrant requirement.
The first question which should be answered, therefore, is whether the article to be forfeited is contraband. If the article is contraband, whether it is also a personal *144 effect is irrelevant; its forfeiture will be governed by the rules applicable to property in general. For the reasons hereinafter assigned, we conclude that the automobiles which the state seeks to forfeit constitute a type of contraband if used in the manner alleged, and we proceed to determine whether the statute is constitutional on its face and as applied to these vehicles.[2]
It is generally recognized that there are two kinds of property which may be classified as contraband. Things which intrinsically are illegal to possess and are therefore insusceptible of ownership are categorized as contraband per se. Such articles include illegal narcotics, unregistered stills, unlawful alcohol, and illicit gambling devices. See One 1958 Plymouth Sedan v. Pennsylvania supra; Brown v. State, Etc., 392 So.2d 415 (La.1980). Things which may be forfeited because they are the immediate instruments of a crime, but which are not ordinarily illegal to possess, are classed as derivative contraband. One 1958 Plymouth Sedan v. Pennsylvania, supra, U.S. v. One 1972 Chevrolet Corvette, 625 F.2d 1026 (1 Cir.1980). Derivative contraband encompasses guns, automobiles, ships and other such property when used to effectuate a proscribed activity. Id. This court and our courts of appeal, without explicitly labelling the type of property affected, have consistently upheld and applied statutes authorizing the forfeiture of both contraband per se[3] and derivative contraband.[4]
We believe that "contraband," as used in the constitutional phrase "personal effects, other than contraband" means derivative contraband, and not contraband per se. Personal effects include derivative contraband but not contraband per se. A person cannot make an article which is contraband per se his personal effect because it may not be legally possessed or subjected to private ownership. Thus, an exception of articles insusceptible of ownership from the personal effects category of private property would be no exception at all and therefore meaningless. The convention proceedings, however, indicate that the exception was intended to have force and to include such articles as automobiles and weapons whenever they had been used as the immediate instruments of a crime. 9 Records of *145 the Louisiana Constitutional Convention of 1973: Convention Transcripts, January 3, 1973 at 3079. Moreover, an absolute exemption of all personal effects except contraband per se from any taking would prevent seizure of many articles as evidence of a crime. Other provisions of the constitution and the convention history make clear that reasonable seizures of criminal evidence may include any object tending to prove the commission of an offense. La. Const., art. 1 § 5; 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, August 31, 1973 at 1073. Accordingly, we conclude that a forfeiture statute does not violate Art. 1 § 4 of the 1974 Louisiana Constitution merely because it authorizes the forfeiture of personal effects which constitute derivative contraband.
In State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977), we held the predecessor forfeiture statute unconstitutional primarily because it allowed the confiscation of the vehicle without any requirement that the owner know of the illegal activity, have consented to it or have any connection at all. However, after striking down the statute, we further criticized other of its provisions. The constitutional defect that proved fatal to the prior statute has been cured by the current statute. Since our further discussion of the statute was unnecessary to the holding in 1971 Green GMC Van, we now carefully reconsider our prior statements.
In that opinion, we rejected the state's argument that the contraband exception in Art. I, § 4 included derivative contraband. However, we are now squarely presented this question, and upon more careful reflection, we conclude that the constitutional phrase does encompass derivative contraband for the reasons announced. In 1971 Green GMC Van, we also stated that the failure of the statute to require a criminal conviction prior to forfeiture constituted a major infirmity with that statute. We were persuaded to that view by several cases from the federal circuit courts of appeal and other states. See Lowther v. U.S., 480 F.2d 1031 (10 Cir.1973); U.S. v. $3,296 in Currency, 286 F.Supp. 543 (D.C.N.Y. 1968); Shipman v. DuPre, 222 S.C. 475, 73 S.E.2d 716 (1952); People v. Reulman, 62 Cal.2d 92, 41 Cal.Rptr. 290, 396 P.2d 706 (1964); State v. Benavidez, 356 S.W.2d 845 (Tex.Civ.App.1962). However, this view has been increasingly discredited, and today the federal courts uniformly require only a significant involvement in the criminal enterprise and not a prior criminal conviction to permit a forfeiture. U.S. v. U.S. Coin & Currency, supra; U.S. v. One 1957 Rockwell Aero Com., Etc., 671 F.2d 414 (10 Cir.1982); U.S. v. One Clipper Bow Ketch Nisku, 548 F.2d 8 (1 Cir.1977); U.S. v. One 1972 Toyota Mark II, 505 F.2d 1162 (8 Cir.1974); U.S. v. One 1977 Pontiac Grand Prix, 483 F.Supp. 48 (N.D.Ill.1979); U.S. v. One 1977 Lincoln Mark V, Etc., 453 F.Supp. 1388 (D.C.N.Y. 1979); U.S. v. One 1973 Jaguar Coupe, 431 F.Supp. 128 (S.D.N.Y.1977). We find the majority view persuasive. Though a prior criminal conviction on the underlying drug charge provides further assurance that the state has proven the involvement of the owner beyond a reasonable doubt, we believe that it is not constitutionally required.
Nevertheless, the due process clause of our state constitution does impose some restraints against the forfeiture of property. Article 1, § 2 generally requires that a proceeding be held prior to the forfeiture with notice and an opportunity to be heard, and that no taking be arbitrary or unreasonable. Similarly, Article 1, § 4 permits no interference with property rights except for reasonable statutory restrictions and the reasonable exercise of power. A forfeiture statute necessarily diminishes rights of ownership in private property. However, a narrowly drawn statute which authorizes the seizure, upon probable cause and a warrant, of property owned by a person who knowingly and voluntarily uses or permits it to be used as an immediate instrument of a crime, and which requires the state to prove its grounds beyond a reasonable doubt in a judicial proceeding before the property may be forfeited, does not constitute an unreasonable statutory restriction *146 or an unreasonable exercise of police power. A controlled dangerous substances forfeiture statute in particular is a reasonable exercise of police power because it fosters the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. The need for vigorous legislative measures to curb illicit drug trafficking is plainly evident and such a statute is a reasonable governmental response to a serious social problem. Such legislation does not represent an unreasonable restriction upon property rights in general if it is specifically aimed at the fruits or instruments of crime belonging to perpetrators or those who consent to the use of their property in illegal pursuits. The requirements of a warrant before seizure except in unusual cases and of proof beyond a reasonable doubt in a judicial proceeding of grounds for forfeiture reduces the chances that an innocent person will be deprived of his property or have his ownership rights diminished.
A forfeiture statute conforms to the 1974 Louisiana Constitution's Art. 1 § 5 guarantees against unreasonable seizures and invasions of privacy if it permits the taking of property for forfeiture purposes subject to the same preconditions required for a seizure of criminal evidence. Accordingly, a seizure of property for forfeiture purposes is prohibited as unreasonable unless authorized by a warrant issued upon probable cause, except in those exceptional circumstances in which we have recognized that warrantless searches and seizures are permissible. See E.g. State v. LaRue, 368 So.2d 1048 (La.1979) (searches pursuant to a standard inventory search); State v. Gordon, 332 So.2d 262 (La.1976) (searches incident to a lawful arrest); State v. Wyatt, 327 So.2d 401 (La.1976) (consensual searches); State v. Jones, 315 So.2d 270 (La.1975) (searches undertaken under exigent circumstances). Absent one of the foregoing exceptions, a warrant is required because it places the crucial task of making delicate judgments and inferences from facts and circumstances in the hands of a detached and neutral magistrate instead of police officers, who are engaged in the zealous pursuit of ferreting out crime. U.S. v. Johnson, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1946). The warrant safeguard is equally applicable to the seizure of an automobile for the purpose of forfeiture, since the warrantless seizure of an automobile as contraband is subject to the same potential for abuse as the seizure of articles for evidentiary purposes without prior judicial approval. U.S. v. McCormick, 502 F.2d 281 (9 Cir.1974); LaFave, Search and Seizure, A Treatise on the Fourth Amendment, 1978, § 7.3. However, we are not confronted with the question of a warrantless seizure in this case, where both vehicles were seized under warrants.
Applying these precepts to the controlled dangerous substances forfeiture statute, La.R.S. 32:1550, we conclude that it does not on its face offend any of the provisions of our state constitutions that we have considered. Some of its provisions are overbroad and could be construed so as to conflict with the state charter. However, this court's established rule of statutory construction is that a statute which is subject to more than one reasonable interpretation will be construed so as to uphold the legislation if possible. State v. Lecompte, 406 So.2d 1300 (La.1981) (on rehearing); State v. Newton, 328 So.2d 110 (La.1975) (on rehearing). In each respect in which the forfeiture statute is subject to a broad interpretation that would exceed constitutional limitations, we will apply the statute by its terms within the constitutionally permissible bounds.
As we construe the controlled dangerous substances forfeiture statute, La.R.S. 32:1550, it provides essentially as follows. All controlled dangerous substances produced, manufactured, distributed, dispensed or acquired in violation of the controlled dangerous substances statute are classified as contraband and declared subject to seizure and forfeiture. All raw materials, products, and equipment of any kind which are used, or intended for use, in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled *147 dangerous substances in violation of the controlled dangerous substances statute are also subject to seizure and forfeiture as contraband. Any other movable property, including an automobile, which is used as an immediate instrument of one of the foregoing crimes is contraband subject to seizure and forfeiture, subject to the following exceptions: (1) A conveyance owned by a person who was not knowingly and intentionally a consenting party or privy to a violation of the controlled dangerous substances statute may not be forfeited; (2) An article of property may not be forfeited unless it was an immediate instrument of a crime involving contraband in excess of five hundred dollars in value or contraband intended for commercial sale; (3) Any property used in the business of a common carrier may not be seized or forfeited unless the owner or person in charge of a conveyance was knowingly a consenting party or privy to a violation of the controlled dangerous substances statute; (4) No article of property may be seized or forfeited because of an act or omission which occurred while it was in the possession of a person who obtained it illegally; and, (5) No security interest held by a government regulated financial institution or repairman's privilege shall be affected by forfeiture of property.
The statute creates a two-step procedure for the seizure and subsequent forfeiture of property. Before property may be seized, the government must obtain a warrant from a magistrate by showing that there is probable cause to believe that statutory grounds to forfeit the property exist. Property may be seized for forfeiture on probable cause without a warrant if the seizure is incident to a valid arrest or falls within one of the exceptions to the warrant requirement for searches and seizures of criminal evidence which we have recognized. Property which has been the subject of prior judgment in favor of the state in a criminal injunction or forfeiture proceeding may be seized without a warrant.
The procedures for forfeiture require the district attorney to prove beyond a reasonable doubt in a hearing instituted by him that: (1) valid grounds exist for forfeiture of the property under the statute which do not conflict with the constitution; (2) the seizure was in conformity with the constitution and the law or was made upon reasonable grounds to believe that it so conformed; (3) the owner of the conveyance was knowingly and intentionally a consenting party or privy to a violation of the controlled dangerous substances statute; (4) the value of the contraband was in excess of five hundred dollars or the contraband was intended for commercial sale.
In any forfeiture proceeding, an acquittal of the owner of the property of charges under the controlled dangerous substances statute or a dismissal of such charges shall create a rebuttable presumption that the property shall not be forfeited, unless a compelling reason for such forfeiture is shown by clear and convincing evidence.
Defendant argues that the statute is unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment. However, he has failed to specify the ways in which it offends these provisions. Similar statutes have been upheld against constitutional attack consistently by the federal courts. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); U.S. v. One 1977 Lincoln Mark V Coupe, 643 F.2d 154 (3 Cir.1981); U.S. v. One 1973 Volvo, 377 F.Supp. 810 (D.C.Tex. 1974). Our survey of their decisions indicates to us that constitutional review under the Fourteenth Amendment and the Fifth Amendment is less exacting than Louisiana constitutional inspection because of the different, more detailed safeguards for property rights contained in our state charter. Defendant's federal constitutional claims are without merit.
Defendant finally complains about the four month delay between the alleged drug offenses and the seizure of the vehicles. The evidence reflects that the officers delayed arresting the defendant and seizing the vehicles in order to avoid revealing the identity of a confidential informant and to *148 preserve the secrecy of an ongoing undercover surveillance operation against defendant and others. The defendant has failed to show that he will suffer any actual prejudice in the preparation or presentation of his forfeiture defense because of the delay. Under these circumstances, the state has not violated the defendant's due process rights by postponing his arrest to preserve an ongoing police undercover operation. Cf. State v. Jenkins, 419 So.2d 463 (La. 1982); State v. Duncan, 396 So.2d 297 (La. 1981); State v. Cole, 384 So.2d 374 (La. 1980); State v. Coleman, 380 So.2d 613 (La. 1980); State v. Crain, 379 So.2d 1094 (La. 1980); State v. Malvo, 357 So.2d 1084 (La. 1978). This argument is without merit.
We conclude that the forfeiture statute is not unconstitutional on its face because of any of the grounds considered and that it has not been applied unconstitutionally in this case.
Applying the forfeiture statute to the evidence adduced at the hearing on the motion to return the vehicles, we further conclude that the state has shown probable cause to proceed with a forfeiture action against each vehicle. The evidence is uncontroverted that the defendant used the vehicles to transport illicit drugs to a rendezvous point where he engaged in unlawful distribution of them in violation of the controlled dangerous substances law. Thus, there is probable cause to believe that the vehicles were used as immediate instruments of commercial drug distributions in violation of the controlled dangerous substances statute with their owner's knowledge and voluntary consent. The evidence is somewhat equivocal whether the defendant owned one of the vehicles but sufficient to support a finding by the trial court of a probable cause to believe that he did. At trial of the forfeiture proceeding, of course, the state must prove each element of its case beyond a reasonable doubt because forfeiture proceedings are quasi-criminal. Consequently, the trial judge's denial of the defendant's motion to return the vehicles is affirmed and the case is remanded for a speedy trial of the forfeiture proceedings consistent with the views expressed herein.
AFFIRMED AND REMANDED.
MARCUS and WATSON, JJ., concur.
NOTES
[1] In addition to the provisions directly applicable to the present case, it should be noted that no person may be subjected to forfeiture of property without the right of judicial review based on a complete record of all evidence upon which the judgment is based. La. Const., art. 1 § 19. Also, every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his property. Id. Art. 1 § 22.
[2] In the present case, we assume without deciding that an automobile may be classified as a personal effect within the meaning of Art. 1 § 4 of the state constitution. The Fourth Amendment protects a person's "effects", which include a broad range of movable possessions, including automobiles, against unreasonable search and seizure. Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). The prohibition in our constitution against taking "personal effects" seems to contemplate a narrower category. The usual dictionary definition of "personal effects" limits the term to property worn on or carried about the person or having some intimate relation to the person. Black's Law Dictionary, Fifth Edition, 1979. Nevertheless, the drafting committee of this section of our constitution apparently intended the term to include items such as money, stocks, bonds, objects or art, books, papers, essential tools of trade, and clothing. Official Journal of the Louisiana Constitutional Convention of 1973, July 6, 1973 at 3. See also 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, Aug. 30, 1973 at 1031. One of the committee members subsequently encouraged an expansive reading to include such items as automobiles, boats and airplanes. Jenkins, The Declaration of Rights, 21 Loy.L.Rev. 9, 26 (1975). The committee noted that it presents a flexible concept that is susceptible to development on a case-by-case basis. Proceedings, 7 Records of the Louisiana Constitutional Convention of 1973: Transcripts, September 13, 1973 at 1241.
[3] Brown v. State, Etc., supra. (forfeiture of slot machines pursuant to La.R.S. 15:31); State v. Ricks, 215 La. 602, 41 So.2d 232 (1949) (forfeiture of slot machines).
[4] State v. Billiot, 254 La. 988, 229 So.2d 72 (1969); State v. Sonnier, 242 La. 220, 135 So.2d 472 (1961), and State v. Bellande, 241 La. 213, 128 So.2d 14 (1961) (forfeiture of fishing gear used in poaching); Cooper v. One White Model 1950 Motor Tractor, 225 La. 190, 72 So.2d 474 (1954) (forfeiture of truck for transporting illegal tobacco); State v. Jackson, 152 La. 656, 94 So. 150 (1922), and State v. Cook, 203 La. 95, 13 So.2d 478 (1943) (forfeiture for gasoline smuggling); Oyster Commission of Louisiana v. Schooner "Carroll C", 6 Orl.App. 51 (La. 1908) (Forfeiture of ship used in illegal fishing); contra. State v. 1971 Green GMC Van, 354 So.2d 479 (1977). In State v. 1971 Green GMC Van, supra, we implied that derivative contraband is not included within the contraband exception of Art. 1 § 4.