WARD, Judge.
On July 4, 1992, William George was arrested for two counts of possession of cocaine (one of which involved 174 grams), one count of possession with the intent to distribute cocaine, and being a convicted felon in the possession of a firearm. His combined bonds totalled $175,000.00. He posted bond later that day, using two bond companies: Steve’s Bail Bonds and C & J Bail Bonds. These two companies are owned by Steven Ghergich. On July 8th, the State came before Judge Cannizzaro with a motion and order for seizure of the $17,500.00 George posted with the bond companies. The trial court granted the motion, finding probable cause to believe that the money used to make the payment to the bonding companies was drug-related money. The order for seizure was then filed on the bonding companies, and when the companies refused to comply with the order, the State filed a rule to show cause why the companies should not be held in contempt. At the hearing on the rule, held July 14th, Ghergich filed a motion to quash the order of seizure. This motion was denied. Ghergich now comes before this court seeking relief from this ruling.
Ghergich argues that the State, by not having an affidavit under oath, did not comply with R.S. 40:2606.
A. Property may be seized for forfeiture by any law enforcement agency designated by the district attorney upon process issued by any district court. The *979 court may issue a seizure warrant on an affidavit under oath demonstrating that probable cause exists for its forfeiture or that the property has been the subject of a previous final judgment of forfeiture in the courts of any state or of the United States. The court may order that the property be seized on such terms and conditions as are reasonable in the discretion of the court.
We disagree with Ghergich’s assertion that the order directing the seizure of funds should be quashed solely because at the time the order was sought, the State failed to include a sworn affidavit of the facts establishing probable cause to show that the funds used to make the bonds were drug-related. Although both Gher-gich and the State agree that the State presented no affidavit to Judge Cannizzaro at the time the seizure order was issued, we cannot say the trial court erred in relying upon the testimony of the officer, Lt. Mason Spong, who investigated the ease. We further do not believe the trial court’s order was not reasonable or that the court exceeded it discretion.
We note that R.S. 40:2621 provides in part: “The provisions of this Chapter shall be liberally construed to effectuate its remedial purpose.” We believe that because the trial court determined there was probable cause for the issuance of the warrant, the fact that this finding was based upon an oral recitation of the facts of the case should not defeat the purpose of the statute, to seize and forfeit drug-related property.
In State v. Manuel, 426 So.2d 140 (La.1983), the Court considered an earlier forfeiture statute. When determining the proper standard for seizure, the Court stated:
A forfeiture statute conforms to the 1974 Louisiana Constitution’s Art. 1 § 5 guarantees against unreasonable seizures and invasions of privacy if it permits the taking of property for forfeiture purposes subject to the same preconditions required for a seizure of criminal evidence. Accordingly, a seizure of property for forfeiture purposes is prohibited as unreasonable unless authorized by a warrant issued upon probable cause, except in those exceptional circumstances in which we have recognized that war-rantless searches and seizures are permissible. [citations omitted] Absent one of the foregoing exceptions, a warrant is required because it places the crucial task of making delicate judgments and inferences from facts and circumstances in the hands of a detached and neutral magistrate instead of police officers, who are engaged in the zealous pursuit of ferreting out crime. Johnson v. U.S., 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (194[8]). The warrant safeguard is equally applicable to the seizure of an automobile for the purpose of forfeiture, since the warrantless seizure of an automobile as contraband is subject to the same potential for abuse as the seizure of articles for evidentiary purposes without prior judicial approval. U.S. v. McCormick, 502 F.2d 281 (9 Cir.1974); LaFave, Search and Seizure, A Treatise on the Fourth Amendment, 1978, § 7.3.
Manuel, at 146.
Manuel likened the issuance of a warrant to seize property for forfeiture to the issuance of a warrant to seize property for evidentiary purposes. Under these particular circumstances where the trial court was aware that George was (1) arrested for possession with the intent to distribute 174 grams of cocaine (about $8,000.00 worth) (2) lived in an area known for its high narcotics trafficking and (3) has not been gainfully employed since the beginning of 1990 we do not believe the trial court erred in issuing the order for seizure of the bond money.
Writ Denied