I4BARRY, Judge,
concurring with reasons.
The relevant concern in forfeiture proceedings is that the seizure be reasonable based on a warrant issued upon probable cause. State v. Manuel, 426 So.2d 140 (La.1983), which considered the constitutionality of the Seizure and Forfeiture of Contraband Law (R.S. 32:1550), states at p. 146:
A forfeiture statute conforms to the 1974 Louisiana Constitution’s Art. 1 § 5 guarantees against unreasonable seizures and invasions of privacy if it permits the taking of property for forfeiture purposes subject to the same preconditions required for a seizure of criminal evidence. Accordingly, a seizure of property for forfeiture purposes is prohibited as unreasonable unless authorized by a warrant issued upon probable cause, except in those exceptional circumstances in which we have recognized that warrantless searches and seizures are permissible.
In the instant case, the forfeiture is not under the controlled dangerous substances contraband forfeiture statute, but is pursuant to R.S. 14:90.1, “Seizure and Disposition of Evidence; Gambling.” Section 90.1 deals with disposition of evidence following a conviction for gambling, rather than a seizure for the purpose of forfeiture. As the majority suggests, it stands to reason that the safeguard against unreasonable search and seizure is in this instance a pre-trial motion to suppress. Defendants did not avail themselves of that remedy or reserve their right to contest the warrant for purposes of disposition of the property under § 90.1.
IsThe majority does not specifically hold that the appropriate standard of proof under § 90.1 is “beyond a reasonable doubt,” rather that the evidence meets that standard. Because the evidence was sufficient even under that strict standard, it is not necessary to set forth a definitive standard of proof. However, the correct standard is “beyond a reasonable doubt.” I do not find jurisprudence setting forth the standard, but Manuel held that under R.S. 32:1550 the state must show beyond a reasonable doubt:
(1) valid grounds exist for forfeiture of the property under the statute which do not conflict with the constitution; (2) the seizure was in conformity with the constitution and the law or was made upon reasonable grounds to believe that it so conformed; ....
Id. at 147.