Dear Mr. Sanner:
You requested an Attorney General's opinion regarding the payment of ad valorem taxes. You indicate that in the aftermath of the devastation and destruction caused by Hurricane Rita to the roads, schools, infrastructure, facilities and equipment in Cameron Parish, the Cameron Parish Taxing Authorities have been presented with a proposal from Sabine Pass LNG, L.P. ("Sabine"), a Delaware limited partnership authorized to do business in Louisiana, which is controlled by Cheniere Energy, Inc.
In general terms, Sabine's proposal is related to Sabine's current construction and development project in Cameron Parish, which is to build and operate a liquefied natural gas ("LNG") receiving and regasification facility (the "LNG Terminal") in the Johnson Bayou Area in Ward 5 of Cameron Parish. The first phase of the LNG Terminal is anticipated to be completed by the end of the third quarter 2008, and the second phase by the end of the third quarter 2009.
Sabine previously qualified for the Ten-Year Manufacturing Property Tax Exemption Program (Article VII, Section 21 (F) of the Louisiana Constitution of 1974, as amended), also known as the Industrial Ad Valorem Tax Abatement Program ("Program"), which will become effective for Sabine in 2009 (assuming that the LNG receiving facility and terminal becomes operational in mid-2008). This Program will afford Sabine a tax exemption/tax abatement for the first ten (10) years of operation of the LNG Terminal.
In order to support Cameron Parish's rebuilding efforts following Hurricane Rita, Sabine proposes to make payments of up to $2,500,000 annually (beginning in 2007) for which it will receive tax credits against its future ad valorem property tax liability in the years beginning in 2019 and ending in 2028, after the expiration of the Program. Sabine will make these ad valorem tax payments to the Cameron Parish Taxing Authorities without any restrictions or conditions on the use of these tax payments by the Cameron Parish Taxing Authorities but it is fully anticipated that these funds will be used to repair, renovate and enhance the Cameron Parish infrastructure. *Page 2 
This transaction will be evidenced by Sabine and each of the 11 Cameron Parish Taxing Authorities entering into a document, entitled Cooperative Endeavor Agreement And Payment In Lieu Of Tax Agreement (hereinafter "CEA And PILOT Agreement"). The CEA And PILOT Agreement will describe with specificity: (a) the ad valorem taxes to be paid by Sabine in 2007 through 2016, (b) the fact that the present Cameron Parish ad valorem tax payments will be considered "as in lieu of" Sabine's partial Cameron Parish ad valorem tax liabilities for 2019 through 2028, (c) the fact that this agreement is subject to the receipt of a favorable determination form the Office Of The Louisiana Attorney General as to the validity and enforceability of the CEA And PILOT Agreement, (d) the agreement that Sabine (or its successor) will be entitled to future Cameron Parish ad valorem tax credits (on a dollar-for-dollar basis, without any time value of money computation or imputed interest factor), which credits shall be carried forward indefinitely until fully utilized, (e) the fact that the Cameron Parish Sheriff will act as the collecting agent under the CEA And PILOT Agreement and disburse the appropriate funds to the 11 Cameron Parish Taxing Authorities, (f) the express recognition that the CEA And PILOT Agreement will not affect the liability of Sabine or its customers for Cameron Parish ad valorem property taxes attributable to the inventory of LNG in the LNG Terminal, (g) the recognition by Sabine that certain Cameron Parish taxing authorities may decide to obtain financing (by bonds or otherwise), or to restructure their current financing arrangements, with proceeds received as a result of entering into the CEA And PILOT Agreement, and Sabine's acknowledgment that it will use its commercially reasonable efforts to cooperate with any such financing or refinancing, and (i) other applicable notice, compliance, cooperation and counterpart provisions typically found in similar agreements.
As of the date of submission of this request for issuance of a Louisiana Attorney General Opinion, each of the 11 Cameron Parish Taxing Authorities has entered into a separate CEA And PILOT Agreement (each of which is identical in its terms, except as to the amounts of the current tax payments to be made by Sabine and hence the amounts of the future tax credits).
You have requested our opinion as to whether the Cameron Parish CEA and PILOT Agreements are valid and enforceable under Act No. 194 of the 2007 Regular Session of the Louisiana Legislature.
Act 194 of the 2007 Regular Session of the Louisiana Legislature enacted La.R.S. 33:2758, which provides:
 A. The Cameron Parish governing authority may collect ad valorem property taxes pursuant to a Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement voluntarily entered into by a person and previously approved by resolution of the Cameron Parish governing authority. Other local tax recipient bodies in Cameron Parish shall be *Page 3 
authorized to collect ad valorem property taxes pursuant to a Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement voluntarily entered into by a person and previously approved by resolution of the tax recipient body and the Cameron Parish governing authority.
 B. The Cameron Parish governing authority and other tax recipient bodies in the parish may grant future ad valorem tax credits based upon ad valorem property tax collections pursuant to an approved Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement.
 C. In accordance with the provisions of Sections 18 and 20 of Article VII of the Constitution of Louisiana, payments of ad valorem property taxes pursuant to a previously approved Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement shall entitle the person making such payments to future ad valorem property tax credits from the Cameron Parish governing authority or other tax recipient bodies in the parish in amounts designated in such previously approved Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement.
Act 194 authorizes the Cameron Parish governing authority and other local tax recipient bodies in Cameron Parish to collect ad valorem property taxes pursuant to a Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement, and to grant future ad valorem tax credits based upon the ad valorem property tax collections pursuant to an approved Cooperative Endeavor Agreement and Payment in Lieu of Tax Agreement. The Cameron Parish governing authority and other local tax recipient bodies in Cameron Parish have the authority to enter into the CEA and PILOT Agreements and to grant future ad valorem tax credits for the payments in lieu of taxes they receive. Therefore, the CEA and PILOT Agreements would be valid under the provisions of Act 194. The statute further provides that the entity making such payments, in this case Sabine, shall be entitled to future ad valorem property tax credits. As such, Sabine would be entitled to future ad valorem tax credits for payments made pursuant to the CEA and PILOT Agreements under Act 194.
With regard to Act 194, we note that all statutes are presumed to be constitutional. The Louisiana Legislature is presumed to have intended to enact a constitutionally valid law. State v. Manuel, 426 So.2d 140
(La. 1983). It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies, Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98) 718 So.2d 1081, 1087.
A party who attacks the constitutionality of a statute bears a heavy burden, and he must prove by clear and convincing evidence that the statute violates a specific constitutional provision. Board of Directorsof La. Recovery District v. All Taxpayers, et al, *Page 4 529 So.2d 384 (La. 1988). We are unaware of any judicial declaration affecting the presumed constitutionality of the Act 194. Therefore, it is our opinion that Act 194 is constitutional.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
 CCF, JR/KLR, III/crt