Dear Ms. Gonzalez:
You requested an Attorney General's opinion regarding characterization of a special storm surcharge that may be collected from the ratepayers of Entergy Louisiana, LLC ("ELL") and Entergy Gulf States, Inc. ("EGSI"), collectively (the "Companies"). You indicate that this surcharge would have to be authorized by the Louisiana Public Service Commission ("Commission"), and its size would be based upon the expenses found by the Commission to have been prudently incurred by the Companies in connection with rebuilding their systems as a result of the damage caused by Hurricanes Katrina and Rita. You question whether the surcharge in question is a tax or a regulatory charge.
The surcharge would be a "system restoration charge" approved and charged pursuant to the Louisiana Utilities Restoration Corporation Act ("Act"). The Act enacted Part VIII of Chapter 9 of Title 45 of the Louisiana Revised statutes and consists of R.S. 45:1311 through 1328. The Act creates the Louisiana Utilities Restoration Corporation ("LURC") as part of a financing structure which is contemplated by the Act to enable the Companies to finance system restoration costs with low-cost capital. The procedure set forth in the Act basically provides that the Commission would approve system restoration costs incurred by the Companies, and would then issue a financing order. The financing order would specify the amount of system restoration costs, authorize LURC to impose system restoration charges, and authorize the Companies to collect the charges. The financing order would also require that LURC sell or pledge the funds collected to a bond issuer in exchange for the bond proceeds, which would go to the Companies to pay their system restoration costs and set up storm reserves.
While your question is whether the system restoration charge is a tax or a fee, this question does not need to be reached to determine whether the Commission may approve the system restoration charge contemplated by the Act. The Act authorizes the Commission to approve a charge, which is termed a "system restoration charge". Because the Act grants the Commission this power, the Commission may, by law, approve the charge. *Page 2 
We note that all statutes are presumed to be constitutional. The Louisiana Legislature is presumed to have intended to enact a constitutionally valid law. State v. Manuel, 426 So.2d 140 (La. 1983). It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies, Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98) 718 So.2d 1081, 1087.
A party who attacks the constitutionality of a statute bears a heavy burden, and he must prove by clear and convincing evidence that the statute violates a specific constitutional provision. Board of Directorsof La. Recovery District v. All Taxpayers, et al, 529 So.2d 384 (La. 1988). We are unaware of any judicial declaration affecting the presumed constitutionality of the Act. Therefore, this office is of the opinion that the Act, and the financing procedure contemplated thereunder, including the approval of the system restoration charge, are constitutional. As such, the Commission may take any actions that are authorized under R.S. 45:1311 through 1328.
That being said, with respect to differentiating between a fee and a tax, the Louisiana Supreme Court stated in Audubon Insurance Company v.Bernard, 434 So.2d 1072 (La. 1983):
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. (citations omitted) In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. (citations omitted) But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. (citations omitted)
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form . . .
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax.
In another recent case, Voicestream GSM / Operating Co, LLC v. LouisianaPublic Service Commission, 05-2578 (La. 11/29/06), 943 So.2d 349, the Louisiana Supreme *Page 3 
Court noted that courts in other jurisdictions have consistently held that charges imposed to reallocate costs between utilities or telecommunications companies are not taxes. Such charges have been held to be regulatory fees designed to implement a regulatory program. InVoicestream the Court held that the charges at issue were not intended to raise revenue. The Commission was using its regulatory authority to allocate the costs for the administration of a regulatory program.
Thus, it would appear that as long as the charge imposed by the Commission is part of a regulatory program, and the charge is not intended to raise revenue, the courts would likely consider the charge to be a "fee" as opposed to a "tax".
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERALM
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt