Dear Mr. Amedee:
On behalf of the Lafourche Parish School Board ("School Board"), you have requested the opinion of this office on several issues related to the electronic communications policy ("policy") recently adopted by the School Board in compliance with Act 214 of the 2009 Regular Session of the Louisiana Legislature ("Act 214"). Act 214 enacted La.R.S. 17:81(Q) regarding electronic communications between school employees and students. You indicate in your letter that the School Board has received several questions about its policy, and some school employees have questioned whether La.R.S. 17:81(Q) violates their constitutional right to privacy pursuant to La. Cons. art. 1, § 5.
La.R.S. 17:81(Q)(1) requires each city, parish, or other local public school board to formulate, develop, adopt, and implement procedures and practices regarding electronic communications between school employees and students enrolled at the school. La.R.S. 17:81(Q)(2) sets forth the minimum requirements that must be included in school board policies, procedures and practices.
Your first question concerns the proper definition of the term "immediate family member" found in La. R.S 17:81(Q)(2)(b), which allows a school board, through its policy, to exempt "immediate family members" from the statutory requirements. La. R.S17:81(Q)(2)(b) provides that the policies, procedures and practices of school boards, at a minimum, shall:
(b) Require that all electronic communication by an employee at a school to a student enrolled at that school relative to the educational services provided to the student shall use a means provided by or otherwise made available by the school system for this purpose and prohibit the use of all such system *Page 2 
means to electronically communicate with a student for a purpose not related to such educational services except communication with an immediate family member if such communication is specifically authorized by school board policy. [Emphasis added]
You indicate in your letter that the School Board relied on the definition of "immediate family member" found in the Louisiana Code of Governmental Ethics[1] at La.R.S. 42:1102(13), in developing its policy. However, the School Board is seeking the opinion of this office regarding the proper definition to be used. La.R.S. 42:1102(13) defines "immediate family members" as children and their spouses, brothers and sisters and their spouses, parents and spouses of parents, and a spouse and the parents of spouse.
The Louisiana Civil Code provides that words of law must be given their generally prevailing meaning, and laws on the same subject matter must be interpreted in reference to each other.[2] Our research indicates that "immediate family member" is defined in five sections of Title 17 of the Louisiana Revised Statutes on Education.[3] The language found in four of the five sections is identical and provides that "immediate family member" means a spouse, parent or child.[4] The fifth section defines "immediate family member" by reference to La.R.S. 42:1102(13), the definition previously cited herein from the La. Code of Governmental Ethics, and the one used by the School Board in developing its policy. Although not identical, the language in these provisions describes similar relationships among the persons defined as "immediate family members." It is the opinion of this office that either definition is reasonable under the circumstances and comports with the generally prevailing meaning of "immediate family members." The School Board may adopt either as the definition in its policy, or it may refer to either as guidance in developing and adopting a different definition for its policy.
Your second question is whether the parent of a student may grant a waiver to a school employee that would allow the employee to electronically communicate with the student without being subject to the reporting requirement found in La.R.S. 17:81(Q)(2)(c), which provides that school board policies, procedures and practices shall specify as follows:
(c) [T]hat the occurrence of any electronic communication made by an employee at a school to a student enrolled at that school or that is received by an employee at a school from a student enrolled at that school using a means other than one provided by or made available by the school system shall be reported by the employee in a manner deemed appropriate by the school board. Records of any such reported communication shall be *Page 3 
maintained by the school board for a period of at least one year. [Emphasis added]
As can be seen, a school employee is required to report it to the school board any electronic communication with a student that was made using a means other than the means provided by the school system. There are no exceptions to this mandatory reporting requirement. Therefore, it is the opinion of this office that the School Board may not allow a parent to waive the requirement that a school employee report to the School Board any electronic communication with a student using a means other that the means provided by the school system.
Your third question is whether a school employee who is the aunt of a student at the school may electronically communicate with her nephew, who is also a student at the school, without having to report the communication to the School Board. Your question pertains to the "immediate family member" exception found in Subparagraph (2)(b) and the mandatory reporting requirement found in Subparagraph (2)(c). As previously discussed herein, Subparagraph (2)(c) requires a school employee to report any electronic communication with student using a means other than the means provided by the school system, and there are no exceptions to this requirement. It is therefore the opinion of this office that the school employee would still be required to report any electronic communications with her nephew if the means used was not the means provided by the school system.
However, Subparagraph (2)(b) allows the School Board through its policy to exempt electronic communications between family members from the prohibition against using the means provided by the school system for any purpose not related to the educational services being provided. Therefore, it is the opinion of this office that the School Board may through its policy allow school employees to use the means provided by the school system to electronically communicate with students who are immediate family members for purposes other than those related to the educational services being provided. If the School Board's policy specifically provides for this exception and defines includes nieces and nephews in the definition of immediate family members, this school employee may communicate with her nephew for any purpose using the means provided by the school system without having to report the communication to the School Board.
Your fourth question concerns a school employee who is also the facilitator of a youth group at the employee's church. The employee regularly communicates electronically with youth group members, some of whom are students at the employee's school, through personal email and text messages. You ask whether the school employee is required to report these electronic communications made to members of the youth group. As previously discussed herein, La.R.S. 17:81(Q)(2)(c) requires a school employee to report all electronic communications made to or received from students using a means other than the means provided by the system, and there is no exception to this requirement. It is therefore the opinion of this office that the school employee must report any such *Page 4 
electronic communications made to members of the youth group who are enrolled as students at the school.
Finally, you indicate that some school employees are raising questions about the constitutionality of the La.R.S. 17:81(Q), and you ask under what circumstances might Act 214 constitute a violation of the right to privacy found in Louisiana Constitution Article 1, § 5, such that the School Board could formulate its policies and procedures to comply with the Constitution as opposed to the provisions of La.R.S. 17:81(Q).
We note that all statutes are presumed to be constitutional. The Legislature is presumed to have intended to enact a constitutionally valid law. State v. Manuel, 426 So.2d 140 (La. 1983). It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies,Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faul v.Trahan, 98-488 (La.App. 3 Cir. 10/7/98), 718 So.2d 1081. Because a state statute is presumed constitutional, any party wishing to challenge the statute bears the burden of proving its unconstitutionality. State v. Brenan, 99-2291 (La. 5/16/00),772 So.2d 64.
As of July 1, 2009, the effective date of Act 214, La.R.S. 17:81 (Q) is law in Louisiana and applies to all city, parish, and other local school boards. As can be seen, all laws are presumed constitutional until determined to be otherwise by a court of law. Therefore, the School Board must comply with the provisions of La.R.S. 17:81(Q) unless and until a court determines it is unconstitutional. Other than a judicial determination that the statute is unconstitutional, there are no circumstances that would allow the School Board to determine on its own that La.R.S. 17:81 (Q) is unconstitutional and therefore not applicable to the School Board.
We hope this adequately addresses your concerns. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
__________________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC:DBF:lbw
[1] La.R.S. 42:1101 et seq.
[2] La. Civ. Code art. 11 and art. 13.
[3] La.R.S. 17:47(D)(1)(b), La.R.S.17:500.2(A)(2), La.R.S. 17:1202(A)(2), La.R.S. 17:1206.2(A)(2) and La.R.S. 17:3991(A)(1)(c)(ii).
[4] La.R.S. 17:47(D)(1)(b), La.R.S.17:500.2(A)(2), La.R.S. 17:1202(A)(2) and La.R.S. 17:1206.2(A)(2).