PONDER, Justice.
 

 The accused, Luther Estes, was indicted for murder. Before the case was called for trial, the lower court appointed a commission, consisting of the coroner and two reputable physicians, to examine into the mental condition of 'the accused at the time of the alleged commission of the crime and at the present time. On the day fixed for a hearing to determine the accused’s mental condition, the only evidence introduced was the report of the commission, which was to the effect that it was of the opinion that the accused was insane at the time of the alleged commission of the crime and of the further opinion that, although the accused was sane at the present time, he should be required to enter a hospital for treatment of neurosis on account of the fact that he is .suffering from a severe form of war neurosis and is subject to future attacks of mental aberration. The minutes of the court show that the trial judge, acting on the report of the commission, ordered the accused committed to the East Louisiana State Hospi.tal until further orders. Counsel for the .accused excepted to this order and applied for writs. The writs were granted and the matter is now submitted to us for determination.
 

 It is provided in Article 267 of the Code of Criminal Procedure, as amended by Act 136 of 1932 and Act'261 of 1944: “If the court, after the hearing, decides that the
 
 *350
 
 defendant is able to understand the proceedings and to assist in his or her defense, it shall proceed with the trial. If, however, it decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his or her defense, it shall take proper steps to have the defendant committed to the proper institution.”
 

 From the minutes of the court, we find that the only evidence introduced at the hearing touching the accused’s mental condition was the report of the commission and that the court’s order was as follows: “Considering the report filed by the Commission, let the accused, Luther Estes, be committed, as the law provides, to the East Louisiana State Hospital at Jackson, Louisiana, there to remain until the further orders of the Court.” As we take it the trial judge did not adjudge the accused presently insane, but based his order solely on the report of the commission. The commission’s report is tó the effect that the accused is presently sane. The fact that the commission was of the opinion that the accused was subject to future attacks of mental aberration would not justify his commitment to an institution or deferring the trial under the plain provisions of the law. If the defendant is able to understand the proceedings and to assist in his defense, the trial must be proceeded with. It is only when the accused is unable because of his insanity or mental deficiency to understand the proceedings or assist .in his defense that he can be committed to an institution or the trial not proceeded with. We find nothing in the law to authorize the commitment of an accused or the deferring of trial
 
 on
 
 the grounds that an accused might become mentally incompetent at some future date. The law clearly contemplates that, if an accused is presently sane, the trial must be proceeded with.
 

 For the reasons assigned, the writs are made peremptory and the order committing the accused to the East Louisiana State Hospital is annulled and set aside. The case is remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed.