218 So.2d 311

**STATE of Louisiana**

v.

**Eunice HAMPTON.**

No. 49505.

Jan. 20, 1969.

George E. Mouledoux, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for respondent.

SANDERS, Justice.

The question posed by this criminal prosecution is a recurring one: Is a defendant whose mental capability is maintained only through the use of a prescribed medication competent to stand trial? We hold that he is.

The District Attorney of Orleans Parish charged Eunice Hampton with the attempted murder of her infant daughter. The court appointed a sanity commission to inquire into her present sanity, or competency to stand trial. After a hearing, at which the commission members testified that the defendant was suffering from chronic paranoid schizophrenia, the court ruled she was incompetent to stand trial and committed her to the East Louisiana State Hospital for care and treatment.

Following a period of treatment, the hospital superintendent reported to the court that the defendant had regained her mental capacity. The trial judge ordered her examined by a second sanity commission and, several months later, invoked a contradictory hearing as to competence.

At the hearing, the two members of the sanity commission reported that the defendant was legally sane: that she could understand the proceedings and assist in her defense. They attributed her improved condition to the use of a psychotropic, tranquilizing drug known as thorazine. As prescribed by the hospital staff, the regimen consisted of one hundred milligrams of thorazine four times per day, a moderately high dosage. Dr. Robert J. Ourso, a psychiatrist, testified that her psychotic symptoms were in re-

mission, but if the dosage were discontinued, she would probably relapse. If she were a private patient, he would recommend further hospitalization, rather than risk her adjustment in society at this time. Stressing the importance of drug maintenance, Dr. Ignacio Medina added: "At the present time, she's legally sane, and she is legally sane due to medication."

 From the testimony, the trial judge found the defendant to be only "synthetically sane." Concluding that trial capacity induced by medication was insufficient, he ruled defendant to be presently insane, or incompetent, and remanded her to the East Louisiana State Hospital. Upon defendant's application, we granted certiorari under our supervisory jurisdiction. 252 La. 707, 213 So.2d 773.[1]

The question for our determination is whether the trial court erred in ruling defendant to be presently insane and incompetent to stand trial.

Article 641 of the Louisiana Code of Criminal Procedure provides:

"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."

---

1. Defendant had a right to appeal from the trial court judgment. LSA–C.Cr.P. art. 912; State v. Yaun, 237 La. 186, 110 So. 2d 573; State v. Hebert, 187 La. 318, 174

So. 369. The State concedes, however, that because of the exercise of our supervisory jurisdiction, the case is now properly before us.

■ The test of present insanity under the above Article is whether the defendant *presently* lacks the capacity to understand the proceedings or to assist in the defense. A defendant who is capable of understanding the nature and object of the proceedings and assisting rationally in the defense is competent to stand trial. State v. Augustine, 252 La. 983, 215 So.2d 634; State v. Rogers, 241 La. 841, 132 So.2d 819, cert. denied, 370 U.S. 963, 82 S.Ct. 1589, 8 L.Ed.2d 830; State v. Chinn, 229 La. 984, 87 So.2d 315; State v. Genna, 163 La. 701, 112 So. 655, cert. denied, 275 U.S. 522, 48 S.Ct. 22, 72 L.Ed. 405.

■ The members of the sanity commission were the only witnesses to testify at the hearing. In their opinion, the defendant can understand the nature of the proceedings and assist in her defense. The record contains no evidence to the contrary. The psychotic symptoms are in remission. That this condition has resulted from the use of a prescribed tranquilizing medication is of no legal consequence. Under the codal test, the court looks to the condition only. It does not look beyond existing competency and erase improvement produced by medical science. See Moseley, The Case of the Tranquilized Defendant, 28 La.L.Rev. 265 and Scrignar, Tranquilizers and the Psychotic Defendant, 56 A.B.A.J. 43.

Recently, in State v. Plaisance, 252 La. 212, 210 So.2d 323, we upheld the competency of a defendant who, like the present one, was in a state of remission resulting from medication. We concluded: " * * * [D]efendant is presently sane for he is able to understand the proceedings against him and assist in his defense being in a state of complete remission and will remain such by continued use of the prescribed medication."

In that case, the record reflected that if the medication were discontinued, the defendant thereafter would remain mentally stable long enough for trial. The present record contains no such evidence. But we see no reason to reach a different result. The likelihood that defendant will relapse if the use of the medication is interrupted does not bar her from proceeding to trial. See State v. Swails, 223 La. 751, 66 So.2d 796, cert. denied 348 U.S. 983, 75 S.Ct. 574, 99 L.Ed. 765; State v. Estes, 212 La. 694, 33 So.2d 199.

We conclude the trial court erred and the defendant is competent to stand trial.

For the foregoing reasons, the judgment of the Criminal District Court for the Parish of Orleans is reversed, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed.