THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LORENZO DALFONSO, Defendant-Appellant.

(No. 59581; ▮▮▮▮▮▮)

First District (3rd Division)—December 5, 1974.

Jerome Rotenberg, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The present appeal is taken by the defendant, Lorenzo Dalfonso, from a trial court order entered September 18, 1973, finding that the defendant remained incompetent to stand trial on the charges of arson and conspiracy pending against him.

We reverse and remand.

Defendant contends on appeal (1) that the trial court erred in ruling that the defendant was unfit to stand trial and (2) that a defendant whose mental capability is maintained through the use of prescribed medication is competent to stand trial.

The defendant, Lorenzo Dalfonso, was indicted and charged with arson and conspiracy to commit arson in connection with the burning of a building on April 13, 1971. Pursuant to the State's Attorney's request, a competency hearing was held on September 26, 1972, concerning defendant's competency to stand trial. At this hearing, the trial court sitting without a jury found the defendant incompetent to stand trial and ordered the defendant committed to the Illinois State Hospital at Chester, Illinois, until such time as he might regain full competency to be tried on the charges pending against him. On May 2, 1973, defendant filed a motion seeking a release from confinement, and pursuant to this motion another hearing was held on September 18, 1973, to determine whether the defendant had recovered his competency sufficiently to stand trial. At this hearing the defendant executed a jury waiver, and the trial judge, after hearing all the evidence, entered a finding that the defendant was still not competent to stand trial. It is this ruling of the trial judge of September 18, 1973, which gives rise to the present appeal.

At the hearing in question, the only witness who testified as to the competency of the defendant to stand trial was Dr. Robert A. Reifman, M.D., Assistant Director of the Psychiatric Institute of the Circuit Court of Cook County. Dr. Reifman testified that he had examined the defen-

dant on September 12, 1973 and that on the basis of that examination had concluded that the defendant was able to understand the nature and purpose of the proceeding against him, was able to assist counsel in his own defense, and was mentally fit and competent to stand trial. Dr. Reifman also testified that when he examined the defendant and at the time of the competency hearing the defendant was taking a drug known as Haldol, and that if the defendant failed to receive this drug he could be susceptible to mental agitation of a type that would render him unfit to stand trial. However, Dr. Reifman went on to state that if the medication were taken away it was not certain that mental agitation would reappear.

The standard to be used in determining one's fitness for trial is set forth as follows in section 5—2—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(a)):

"(a) For the purposes of this Section a defendant is unfit to stand trial or be sentenced if, because of a mental or physical condition, he is unable:

(1) to understand the nature and purpose of the proceedings against him; or

(2) to assist in his defense."

In the case at bar, the only witness who testified at the hearing of September 18, 1973, concerning the competency of the defendant to stand trial was Dr. Reifman who clearly stated that the defendant was able to understand the nature and purpose of the proceeding against him and also able to assist counsel in his own defense. It is true that Dr. Reifman did further state that if the defendant's medication were taken away the defendant would be susceptible to the type of mental agitation that could render him unfit to stand trial. However, in determining whether or not the defendant had recovered sufficiently his competency to stand trial, the test is not whether the defendant will maintain his competency for some time in the future, but whether or not at the time of the competency hearing the defendant was competent to stand trial. Under this test and considering the evidence presented at the hearing, we believe the trial court erred in ruling that the defendant remained incompetent to stand trial.

Furthermore, we think that a defendant whose mental capabilities are maintained through the use of prescribed medication, is competent to stand trial. Although our research has disclosed no Illinois case in point, the courts of several other states have ruled on this specific issue. In *State v. Hampton* (1969), 253 La. 399, 218 So.2d 311, the Supreme Court of Louisiana considered the defendant's contention that he was incapable of standing trial because his sanity, induced by the drug Thorazin, was

"synthetic." In ruling that the defendant was fit to stand trial, the Louisiana Supreme Court stated as follows:

"That this condition has resulted from the use of a prescribed tranquilizing medication is of no legal consequence. Under the codal test, the court looks to the condition only. It does not look beyond existing competency and erase improvement produced by medical science." *State v. Hampton* (1969) 253 La. 399, 403, 218 So.2d 311, 312; see also *State v. Plaisance* (1968) 252 La. 212, 210 So.2d 323.

Similarly, in the very recent case of *State v. Potter* (1974), 285 N.C. 238, 204 S.E.2d 649, the North Carolina Supreme Court considered defendant's contention that his sanity was "synthetic" because it depended upon taking the prescribed medication, Haldol. Quoting extensively from *Hampton, supra,* the court found the defendant, although his competency was maintained through the use of a prescribed drug, competent to stand trial. See also *State v. Hancock* (1967), 247 Ore. 21, 426 P.2d 872; *State v. Rand* (1969), 20 Ohio Misc. 98, 247 N.E.2d 342.

Applying the reasoning in the above cases to the case at bar, we believe that the defendant, Lorenzo Dalfonso, is competent to stand trial even though his competency may depend upon taking the prescribed medication, Haldol.

For the reasons stated above, we reverse and remand with directions that the trial court enter a finding that the defendant is fit to stand trial.

Order reversed and cause remanded with directions.

McNAMARA, P. J., and MEJDA, J., concur.