326 So.2d 329 (1976)
STATE of Louisiana
v.
Allen VEAL.
No. 56918.
Supreme Court of Louisiana.
January 19, 1976.
Rehearing Denied February 20, 1976.
E. Joseph Bleich, Wright, Dawkins, James, Hogg & Bleich, Ruston, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Allen Veal, was indicted for second degree murder in violation of R.S. 14:30.1. He entered a plea of not guilty and not guilty by reason of insanity. After a jury trial on June 27, 1975, he was found guilty of manslaughter, a responsive verdict, and subsequently sentenced to twelve years imprisonment. On appeal he relies on three assignments of error, all related to the trial judge's determination that the defendant was capable of understanding the nature of the proceedings against him and capable of assisting his counsel in his defense.
*330 Assignment of Error No. 1
After the indictment, but before arraignment, the defendant filed a motion for the appointment of a lunacy commission to inquire into his present mental condition and report as to his mental capacity to proceed and assist in his defense. Drs. H. L. Roane and J. L. Smith, duly qualified physicians, were appointed. A hearing was held in open court on May 28, 1975, at which time the report of Drs. Roane and Smith was introduced into evidence. To the trial judge's ruling that the entire report was admissible, the defendant assigns error.
The basis for the defendant's complaint is that the report contained the conclusion of the examining doctors that he had the mental capacity to proceed and assist in his defense. Defendant argues that only factual and opinion evidence as to his present capacity to proceed should be admitted; it is error, he contends, to admit the physicians' conclusion that he has the capacity to proceed and assist in his defense. We cannot agree.
C.Cr.P. 647 provides:
"The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney."
It is only logical that the report of the sanity commission would contain the experts' conclusions as to the defendant's mental capacity to proceed, since the purpose of the sanity commission is "to examine and report upon the mental condition of the defendant." C.Cr.P. 644. We find no error in the trial judge's ruling that the entire report was admissible. See State v. Forbes, 310 So.2d 569 (La.1975).
Assignment of Error No. 1 is without merit.
Assignment of Error No. 2
At the sanity hearing, Dr. J. L. Smith, one of the physicians on the sanity commission, testified that the defendant understood the nature of the proceedings and could assist counsel in his defense. The defendant contends that the trial judge erred in allowing these conclusions of the expert into evidence. We disagree.
R.S. 15:464 states:
"On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony."
R.S. 15:465 provides:
"Every expert witness must state the facts upon which his opinion is based."
The purpose of expert testimony would be thwarted if the expert were not allowed to present his conclusions. The very issue in the sanity proceeding is the defendant's mental capacity to proceed and assist in his defense. The professionals involved in evaluating the defendant do not have any interest in the case. Therefore, it is only proper and helpful to the trial judge to have before him the conclusions of the experts as to the defendant's present mental capacity to proceed when called upon by the defendant to determine, legally, whether he has the capacity to understand the nature and object of the proceedings and assist in his defense. Dr. Smith detailed the facts upon which he based his conclusion. Therefore, we find no error in the *331 trial judge's ruling. See State v. Hampton, 253 La. 399, 218 So.2d 311 (1969).
Assignment of Error No. 2 is without merit.
Assignment of Error No. 3
After the sanity hearing, the trial judge ruled that the defendant had the present mental capacity to proceed with trial and assist counsel in his defense. To this ruling, the defendant assigns error.
C.Cr.P. 641 provides:
"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."
Under our jurisprudence, the determination of competency to stand trial is made by deciding whether the accused can understand the proceedings against him and assist in conducting his defense in a rational manner and to a rational degree, including an ability to recall past events and to present to counsel the facts which ought to be evaluated for presentation to the jury. State v. Flores, 315 So.2d 772 (La.1975); State v. Augustine, 252 La. 983, 215 So.2d 634 (1968).
The burden is on the accused to establish by a clear preponderance of the evidence that he is so mentally deficient that he lacks capacity to understand the proceedings against him and to assist in conducting his defense in a rational manner. State v. Flores, supra; State v. Marks, 252 La. 277, 211 So.2d 261 (1968).
In the instant case the defendant claims he could not assist in his defense because of amnesia, or lack of memory, about the actual shooting, which resulted in his inability to relate certain relevant events to his attorney. This same contention was answered adversely to defendant by this court in State v. Gray, 291 So.2d 390, 392 (La.1974), citing State v. Swails, 223 La. 751, 66 So.2d 796 (1953):
"`This contention would be very forceful and persuasive were this a prosecution in which the accused was pleading not guilty for, in such case, his inability to inform his counsel of any of the facts regarding his own movements in relation to the charges against him would materially affect him in his defense. But, here, appellant is pleading insanity at the time of the commission of the crimesa special defense under our law. LSA-R.S. 14:14 and 15:261. His alleged amnesia as to the events occurring at, before and after the crimes were committed is not a factor which hampers his defense. On the contrary, the very fact that appellant does not remember anything concerning his alleged criminal acts may be of material aid to his counsel in their presentation of a case of insanity and his testimony, if he does see fit to take the stand, may have considerable weight with the jury.'"
The sanity commission reported that the defendant was well oriented to person and place, but not to time. At the medical examination, he answered all questions coherently. At the sanity hearing, he recalled the events leading up to the shooting, as well as those that transpired afterward. He states he simply cannot remember actually shooting anyone.
Defendant testified about an argument with the deceased, the substance of the argument, the gun in his (defendant's) hand, that he (defendant) thought the deceased was "coming to shoot me and I remember my gun up like this," and that he (defendant) got in his car, drove to the police station and turned himself in. Apparently the only detail blocked out by amnesia was the moment of the shooting. It was stipulated at the trial that defendant shot the deceased.
The testimony of the experts and that of the defendant himself amply support *332 the finding of the trial court that defendant was presently sane and could assist with his defense.
Assignment of Error No. 3 is without merit.
Accordingly, the conviction and sentence are affirmed.