493 So.2d 286 (1986)
STATE of Louisiana
v.
Russell WHITING & Jesse Rowden.
No. 18529-KW.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1986.
Writ Denied November 7, 1986.
*287 Marcus Clark, Asst. Dist. Atty., Monroe, for plaintiff-respondent.
Robert C. Johnson & Willie Hunter, Jr., Monroe, for defendants-applicants.
Before HALL, JASPER E. JONES and LINDSAY, JJ.

ORDER
Writ Denied.
This writ application is directed at a judgment of the district court rendered pursuant to LSA-R.S. 32:1550 ordering forfeiture of $20,200.00 in cash seized by officers from a suitcase located in the trunk of an automobile driven by the defendants who were initially stopped for speeding.
Defendants' assignments of error contend that (1) the forfeiture is improper because the seizure was the result of an illegal warrantless arrest and search and seizure without probable cause; (2) statements made by defendant Rowden were in violation of his constitutional rights; and (3) the state did not prove the grounds for forfeiture beyond a reasonable doubt, particularly in that it was not established that the value of the contraband exceeded $500.00.
(1) The officer had probable cause to stop the defendants on the speeding violations and reasonable cause to detain the defendants for further investigation when advised of their prior criminal records and because of inconsistent statements and inaccurate information they gave to the officer. In any event, both defendants freely and voluntarily consented to the search of the automobile and the search and seizure pursuant to consent was legal. After finding the large amount of cash in small bills and the marijuana gleanings, the officers had probable cause to arrest the defendants.
(2) The defendant Rowden was advised several times of his Miranda rights and his statement admitting that he was travelling to Houston with the cash to buy marijuana for distribution was freely and voluntarily given.
(3) Defendant Rowden told the police officers they intended to use the $20,200.00 in cash to purchase marijuana from a source in Houston at $700.00 per pound. Thus, the value of the contraband involved in the intended drug transaction far exceeded $500.00, satisfying the requirement of LSA-R.S. 32:1550C(3). Subsection C(3) refers to the value of the controlled dangerous substance (contraband per se) for which the cash was intended to be used as described in LSA-R.S. 32:1550A(3) and (7)(a), not to the value of the marijuana gleanings incidentally found in the car.