KING, Judge.
This court granted supervisory writs in this case to review whether or not the trial court was correct in granting the State’s Motion For Forfeiture of defendant’s property as derivative contraband.
The issue presented by this writ application is whether or not the State sufficiently proved that property seized from defendant was forfeitable as derivative contraband under the provisions of LSA-R.S. 32:1550.
Charles R. Douglas (hereinafter defendant) seeks supervisory relief from a judgment of the trial court, rendered pursuant to LSA-R.S. 32:1550, ordering forfeiture to the State of $94,980.00 in cash, a 1984 Ford flat bed pickup truck, various weapons, and a bullet proof vest discovered in a secret compartment located under the truck after a state trooper stopped defendant for speeding. We reverse.
FACTS
On January 31,1988, State Trooper Scott Havens (hereinafter Havens) stopped defendant, a Florida resident, for driving 70 miles per hour in a 65 mile per hour speed zone on Interstate 10 in Calcasieu Parish, Louisiana. Trooper Havens requested defendant to show his drivers license and the registration papers for the Ford truck he was driving. While issuing a traffic citation, Havens questioned defendant. The answers given to the questions and the actions of the defendant aroused Havens’ suspicion. While filling out the citation, Havens knelt down on one knee and glanced underneath the vehicle. He noticed that a large metal box had been welded onto the bottom of the flat bed of the truck. When defendant was questioned about the nature of the box, he denied having any knowledge of its existence. After running a license and vehicle registration check by radio, Havens filled out a consent to search form and requested consent from the defendant to search his truck. The form indicated that defendant did not have to give his consent and that he could revoke his consent to search at any time. Defendant signed the consent to search form and Havens proceeded to search the truck upon the arrival of a backup officer.
Havens testified that when he opened the box or “secret” compartment that he immediately noticed a strong odor of marijuana but was only able to find one small seed of marijuana. Havens examined the compartment and found a blue suitcase which contained $94,980.00 in cash. He also found a 12 gauge pump shotgun, a 9 millimeter handgun, ammunition for the guns, a bullet proof vest, and camouflage clothing. A search of the truck’s cab revealed a large plastic bag containing a scale and a very small pod of marijuana. Havens also testified that the plastic bag smelled like marijuana. Upon discovery of these items, Havens advised defendant of his Miranda rights and placed him under arrest.
On March 1,1988 defendant was charged by grand jury indictment with one count of attempted distribution of marijuana, a violation of LSA-R.S. 14:27 and 40:966(A). The indictment was subsequently amended on July 20,1988 to attempted possession of marijuana with intent to distribute.
On April 18, 1988 defendant waived formal arraignment in open court to the amended indictment and entered a plea of not guilty to the criminal charge and elected a trial by jury.
Defendant filed several pre-trial motions, including a Motion For Release Of Seized Property which was set for trial on July 20, 1988. In support of this motion, defendant alleged that the seized items were his personal property and were not contraband. In response, the State filed a Motion For Forfeiture of the seized property which was also set for trial on July 20, 1988. A hearing on the two motions was held on July 20, 1988. Initially the trial court heard arguments on defendant’s Motion For Release Of Seized Property. At the conclusion of arguments the trial court denied defendant’s motion. The State then proceeded with the hearing on its Motion For Forfeiture.
During the presentation of its case, the State presented the testimony of a drug enforcement administration agent and an *287 undercover agent, over the defendant’s objection that the testimony was hearsay, in an attempt to establish that the defendant was involved in drug trafficking and that the items seized were intended instruments of a planned crime to buy and sell marijuana. Additionally, there was testimony by a state trooper, recognized as an expert in criminal narcotics investigation, that items such as those seized from the defendant’s truck were often used as tools of the illegal drug trade. At the conclusion of the testimony, the trial court took the matter under advisement.
On July 22, 1988, the State’s Motion For Forfeiture was granted by the trial judge and the defendant applied for supervisory writs to this court. We granted defendant’s writ application and ordered the matter fixed for briefing and argument. Defendant alleges four assignments of error:
(1) The trial judge erred as a matter of law in finding that the State proved beyond a reasonable doubt the necessary requirements for forfeiture of property;
(2) The trial court erred in refusing to find defendant was prejudiced at the hearing of the motion by the district attorney’s failure to comply with defendant’s discovery request, and by providing misinformation on the bill of particulars;
(3) The trial court erred in holding certain testimony admissible at the hearing of the motion despite numerous objections by defense counsel on the grounds of hearsay; and
(4) The trial court erred in in its ruling because the forfeiture of contraband statute, LSA-R.S. 32:1550, is unconstitutional on its face and as applied in violation of Art. I, § 2, § 4, and § 19 of the Louisiana Constitution of 1974.
As we have determined that the issues presented by defendant’s first and third assignments of error are dispositive of this matter, we will only address those issues.
ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
The defendant contends by these assignments of error that the State failed to prove beyond a reasonable doubt the necessary elements required by LSA-R.S. 32:1550 for forfeiture of property because of lack of evidence, if hearsay evidence had not been permitted, and, therefore, the trial judge committed error as a matter of law in ordering the forfeiture of the seized property..
The definition of contraband and the legal proof necessary for the seizure and forfeiture of contraband is set forth in LSA-R.S. 32:1550 (hereinafter the forfeiture statute), which provides in pertinent part as follows:
“A. The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
(1) All controlled dangerous substances which have been produced, manufactured, distributed, dispensed, or acquired in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled dangerous substances in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(3) All cash which is used, or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of property described in Paragraphs (1) and (2) of this Subsection.
$ ¾{ ⅜ # ijc sfc
(5)All conveyances or movable property, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport or in any manner to facilitate the transportation, sale, receipt, possession, manufacture, compounding, dispensation, or concealment of property described in Paragraphs (1) and (2) hereof, except that:
Jjc * # sjc * *
*288 (7)(a) Anything of value furnished, intended to be furnished, or acquired in exchange for a controlled dangerous substance in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, including but not limited to, all proceeds of property traceable to such an exchange and all moneys, negotiable instruments, property, and securities used, or intended to be used, to facilitate such violation or acquired from the proceeds of such violation.
* sje * * * *
C. Except as provided in Paragraph (4) of this subsection, property seized under this Chapter shall be forfeited in a hearing instituted by the district attorney upon:
(1) A showing by the district attorney that the seizure was constitutional or that the seizure was made upon reasonable grounds to believe the seizure was constitutional; and
(2) A showing by the district attorney that the owner of the conveyance was knowingly and intentionally a consenting party or privy to a violation of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(3) A showing by the district attorney that the value of the contraband was in excess of five hundred dollars or that the contraband was intended for commercial sale.”
Forfeiture proceedings are essentially criminal in nature. Its object is to penalize for the commission of an offense against the law. Forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the prosecution for the criminal offense itself. See, State v. Spooner, 520 So.2d 336 (La.1988); State v. Manuel, 426 So.2d 140 (La.1983).
Before property may be forfeited under the forfeiture statute the State must institute a hearing in which it must prove that the seized property is contraband or derivative contraband. State v. Spooner, supra. The Louisiana jurisprudence has generally recognized that there are two kinds of property which may be classified as contraband. Things which are intrinsically illegal to possess, such as illegal narcotics, are categorized as contraband per se. Things which may be forfeited because they are the immediate instruments of a crime, but which are not ordinarily illegal to possess, such as vehicles, guns, and currency, are classified as derivative contraband. State v. Spooner, supra; State v. Manuel, supra.
As stated by the Louisiana Supreme Court in State v. Spooner, supra, at page 343, in order to obtain the forfeiture of any type of derivative contraband, the State must initially show that the value of any contraband was in excess of $500.00 or that it was intended for commercial sale “... because proof that the contraband exceeded $500.00 or was intended for commercial sale is a prerequisite to the forfeiture of any derivative contraband, ...” The court went on to say that “The burden of proving that the defendant’s property is derivative contraband must be on the state.” State v. Spooner, supra, at page 346.[1] The basic right to own and enjoy property provided for by the Louisiana Constitution can only be deprived by due process of law. La. Const. of 1974, Art. I, § 2. As the Louisiana Supreme Court stated in State v. Spooner, supra, at page 348:
“However, because forfeiture is an exception to the basic right of the individual to own private property, the state necessarily must bear the burden of proving that the property in question qualifies as derivative contraband.” (Emphasis supplied.)
Additionally, the State must prove that the seizure was constitutional, or was based upon reasonable grounds for the investigating officer to believe that this seizure was constitutional. With respect to the *289 forfeiture of any type of conveyance, the State must also show the owner was knowingly and intentionally a consenting party to a violation of Louisiana drug laws. State v. Spooner, supra. Defendant also challenges, in this writ application, the State’s proof of these elements of the seizure.
The defendant argues in brief that the quantity of marijuana (contraband per se) found in the truck was insufficient to meet either the $500.00 value or the intended for commercial sale requirements of the forfeiture statute and therefore the State failed to meet its burden of proof under R.S. 32:1550(C)(3) to forfeit the derivative contraband. Uncontradicted testimony presented at the forfeiture hearing revealed that the only contraband per se found in the truck at the time of defendant’s arrest was one marijuana seed and a small pod of marijuana, enough to fill a thimble. We find defendant’s argument to be without merit. Subsection C(3) refers to the value of the derivative contraband or the value of the controlled dangerous substance (contraband per se) for which the cash or truck was intended to be used as described in LSA-R.S. 32:1550 A(3), (5), and (7)(a), not to the value of the marijuana gleanings incidentally found in the truck. Cf. State v. Whiting, 493 So.2d 286 (La.App. 2 Cir.1986). Requiring the State to establish that there was contraband per se, valued over $500.00 or intended for commercial sale, also present with derivative contraband in order to obtain forfeiture of that derivative contraband, such as money or vehicles, would lead to absurd results. Forfeitures of derivative contraband would then never be possible in cases in which a criminal dealing in illegal drugs is stopped before he could purchase or obtain possession of the illegal narcotics. Forfeitures would be reduced to a matter of timing. If the police officers were too alert or unintentionally arrested a criminal before he obtained the illegal drugs, then derivative contraband could never be forfeited. Large sums of cash in the pocket of a criminal, intended for use in buying illegal drugs, could not be forfeited if he was arrested at the time and place of a sale before the sale took place, where no illegal drugs were present, and even if it could be proved the cash was intended for use as an immediate instrument of a crime. Derivative contraband can be forfeited, where there is no contraband per se present which meets the requirements of LSA-R.S. 32:1550 C(3), but the proof is sufficient to show that the derivative contraband was intended for use to facilitate the transportation, sale, receipt, possession, manufacture, compounding, dispensation, concealment, importing, or exporting of illegal drugs in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950. State v. Whiting, supra. Defendant’s reliance upon State v. Spooner, supra, is misplaced. The Whiting and Spooner cases are authority for the proposition that even where contraband per se is present with derivative contraband, that the derivative contraband still cannot be forfeited unless the State can prove it qualifies as derivative contraband. The Whiting and Spooner cases illustrate that derivative contraband can be forfeited, irrespective of whether or not there is contraband per se present that is valued over $500.00 and irrespective of whether or not such contraband per se was intended for commercial sale, only when the State can prove that the seized property qualifies as derivative contraband.
The evidence presented in this case by the State relevant to the issue of the intended use of the defendant’s seized property (the derivative contraband) consisted entirely of circumstantial evidence.
State Trooper Jerome Segura, was tendered and accepted by joint stipulation as an expert witness in drug crime investigation. Trooper Segura testified on cross-examination that the amount of marijuana, the contraband per se, found in defendant’s truck was worth less than $500.00. While Segura did not testify that the seed and pod of marijuana was sufficient for commercial sale, he did testify that the amount of cash seized was sufficient to purchase anywhere from 200 to 500 pounds of marijuana. Trooper Segura stated that in his opinion, that amount of marijuana, if pur *290 chased, would be intended for commercial sale.
Testimony of Randal Bowman and James Dominy, Agents of the U.S. Drug Enforcement Administration, was presented over objection of defendant. They testified they met with defendant’s brother and others in Texas, before and after defendant’s arrest, to negotiate over the sale and purchase by defendant and his brother of over 1,000 pounds of marijuana. Statements allegedly made by defendant’s brother and others, both before and after defendant’s arrest, to those witnesses concerning the defendant were objected to as hearsay. The trial court overruled all objections and permitted hearsay testimony and double hearsay about defendant on the basis that it was admissible as res gestae statements of a crime or as statements of a co-conspirator admissible against another co-conspirator, both exceptions to the evidentiary rule against hearsay. There was no testimony of defendant himself ever saying anything to the agents or ever meeting with the agents. All the agents could testify to was what someone else had said about defendant. As we stated in State v. Franklin, 520 So.2d 1047, at page 1050 (La.App. 3 Cir.1987):
“Hearsay is evidence of an unsworn out-of-court statement made by a person other than the testifying witness which is introduced to establish the truth of its contents. State v. Hayes, 414 So.2d 717 (La.1981); State v. Farrar, 374 So.2d 1204 (La.1979) ...”
The testimony of these witnesses was such a vital link in the chain of circumstantial evidence on which the defendant’s property was forfeited that the correctness of its admissibility is the crucial issue raised by the defendant.
Defendant attacks the admissibility of this evidence on the basis that it is hearsay and that the State has not laid the necessary foundation for its admission under any exception to the hearsay rule. On trial, the State offered the testimony of these witnesses, over the objection of defendant, under the provisions of La. R.S. 15:455, as being statements of a co-conspirator, and under the provisions of La. R.S. 15:447 and 448, as being res gestae. Even though defendant is not charged with a crime of conspiracy, a reference to the law of conspiracy is nevertheless relevant and permissible to permit the State to utilize the evidentiary rules found in La. R.S. 15:455. State v. Gutter, 393 So.2d 700 (La.1981); State v. Orlando, 456 So.2d 1021 (La.App. 2 Cir.1984). However, before a statement of a co-conspirator can be admissible a prima facie case of a conspiracy must have first been made. We initially note that the trial judge never made a ruling that a prima facie case of a conspiracy with the defendant was shown. We also note that the State did not present any of the hearsay declarants, to whom the witnesses referred, to testify at defendant’s forfeiture proceeding nor did they show in any way that any of the out-of-court declarants were unavailable to testify at trial. The Sixth Amendment of the U.S. Constitution, made applicable to the states by the Fourteenth Amendment, and Section 16 of Article I of the Louisiana Constitution of 1974 provide for confrontation of witnesses against an accused. A forfeiture proceeding is essentially criminal in nature and is often referred to as a quasi-criminal proceeding. State v. Spooner, supra; State v. Manuel, supra. We find that the defendant in this forfeiture proceeding, which is essentially criminal or quasi-criminal, also had a right to confront and cross-examine any witnesses against him. The State argues that its need for this relevant, probative evidence should outweigh the defendant’s interest in a personal confrontation of the out-of-court declarants accompanied by an opportunity for cross-examination. However, we are constrained to find that the State has not shown the unavailability of the out-of-court declarants, who allegedly made the statements about which the witnesses testified, as a predicate for the admissibility of such testimony as required by the jurisprudence. See State v. Orlando, supra, and the authorities cited therein. We also are constrained to find that no prima facie case of conspiracy was ever made to permit the hearsay statements of co-conspirators. The State fur *291 ther argues that the statements made by the out-of-court declarants, both before and after the seizure of defendant’s property, to the witnesses who testified, are admissible as res gestae under the provisions of La. R.S. 15:447 and 448. We note that none of the witnesses testified as to any statements made directly by the defendant but only as to statements made to them by others. These alleged declarations made to the witnesses occurred both before and after the defendant’s property was seized and within a time frame of days before and days after the seizure of the property. For such statements to be considered res ges-tae they would have to be part of a continuous transaction under the provisions of La. R.S. 15:448. It is obvious that for this reason the statements of the out-of-court declarants, made to the witnesses who testified, were not res gestae.
All of the testimony of the agents, Bowman and Dominy, was concerning what someone else had told them about the defendant or what someone else had told them that someone else had said about the defendant. The statement of these out-of-court declarants, made to the witnesses, were admitted to prove the truth of the intentions of the defendant in an effort to prove that the defendant was going to use his property (the derivative contraband seized) for an illegal purpose. The sole purpose of this hearsay testimony was to prove that the defendant’s seized property qualified as derivative contraband and was thus subject to seizure. This hearsay testimony was clearly inadmissible in this forfeiture proceeding and should not have been admitted or considered by the trial judge. The trial judge was clearly in error in admitting this evidence. After a review of the record, we find no competent evidence presented by the State to meet the requirements of La. R.S. 32:1550 to qualify the defendant’s seized property as derivative contraband.
For these reasons we make our writ peremptory and reverse the judgment of the trial court granting the State’s Motion For Forfeiture.
WRIT GRANTED AND MADE PEREMPTORY; TRIAL COURT JUDGMENT REVERSED.

. It should be noted that the Louisiana Supreme Court has not yet ruled on what recognizeable proof standard the State must bear in a forfeiture proceeding to meet its burden of proof, i.e., proof beyond a reasonable doubt, proof by clear and convincing evidence, or proof by a preponderance of the evidence. State v. Spooner, 520 So.2d 336, at pages 339, 340 (La.1988).