KNOLL, Judge.
This writ[1] concerns the trial court’s dismissal of a forfeiture proceeding instituted on behalf of the State of Louisiana by the District Attorney’s Office of Jefferson Davis Parish, against the defendant, Arthur J. Davis, for the forfeiture of $8,000.25 in United States currency.
The State contends the trial court erred in: 1) not concluding that a prima facie case of conspiracy had been proven and thus, allowing the State’s exhibit, a consent to search form, into evidence; 2) quashing the subpoena issued pursuant to LSA-C. Cr.P. Art. 741 for Kenneth Davis; 3) concluding that Kenneth Davis was not subject to any process, civil or criminal, pursuant to LSA-C.Cr.P. Art. 743; and, 4) not ordering the forfeiture of the $8,000.25 of United States currency. Finding no evidence to support that the money was contraband, we affirm; therefore, we will not discuss assignments one and two as these assignments are rendered meritless.
FACTS
On February 10, 1989, at approximately 5:30 p.m., Officer Grant Willis of the Jefferson Davis Parish Sheriff’s Office observed a westbound white Oldsmobile with Florida license plates on Interstate-10 drift over the center line for approximately 65 yards. Officer Willis signaled his emergency lights and pulled the vehicle over. After both vehicles had stopped on the shoulder, Kenneth Davis, the driver of the Oldsmobile, exited the vehicle with his Florida driver’s license in hand and approached Officer Willis. According to Officer Willis, Kenneth appeared unusually nervous and would only say that he was en route to Houston. As Officer Willis questioned him, Kenneth paced back and forth and frequently looked back at the other occupants in the Oldsmobile before answering.
Officer Willis approached the vehicle and questioned the front seat passenger, Ricky Davis. Ricky told Officer Willis that his brother, Arthur Davis (the back seat passenger) asked him to ride along to Houston. Officer Willis observed that Ricky was nervous, but not as nervous as Kenneth, and could not give any specific reason why all three were traveling to Houston.
Finally, Officer Willis spoke with Arthur Davis outside the vehicle. Arthur appeared calm and told Officer Willis that they were going to Houston to look for work. Arthur explained that he had had odd jobs over the past few months, but was presently unemployed, and that he had not filed an income tax return for the last 5 years. Officer Willis felt that the stories were inconsistent, and prepared a consent to search form which Kenneth signed.
Officer Willis searched the trunk, the front seat, and then, the back seat. The trunk had no luggage. On the front seat, Officer Willis found a small caliber handgun wrapped in a blue towel. A search of the rear seat yielded a brown paper bag wrapped in a blue denim jacket. Inside the brown paper bag was $8,000.25 in United States currency in small denominations.
Shortly thereafter, Officer Kowalski, also of the Jefferson Davis Parish Sheriff’s *1048 Office, arrived at the scene. Because Officer Willis reportedly detected a strong odor of raw marijuana during the vehicle search, he and Officer Kowalski searched the vehicle again. After the second search of the vehicle revealed no marijuana, both officers conducted a third, more extensive vehicle search which lasted approximately 20 minutes. The officers found no marijuana, however, the money was seized as contraband, although no one was arrested.
After the last search, Officer Willis and Arthur proceeded back to the Sheriffs Office to issue Arthur a receipt for the cash. During the drive, Arthur stated that the money was his and all three were en route to Houston to purchase a house with the money. However, on the return trip from the Sheriffs Office, it is alleged that Arthur stated to Officer Willis that a friend told him that he could buy marijuana for $5.00 per pound in Mexico, and and that the three of them will have to return to their hometown and start over again.
On cross-examination, Officer Willis admitted that no marijuana was found, that no one was arrested, and, when he seized the cash, no crime had been committed. In fact, Officer Willis candidly admitted at trial that neither the driver nor the two passengers had committed any crime. In spite of this, the Officers seized the cash as contraband and the State proceeded with a forfeiture claim.
At the forfeiture hearing, the trial court excluded from evidence on hearsay grounds the consent to search form signed by Kenneth. The trial court also quashed the subpoena issued pursuant to LSA-C. Cr.P. Art. 741 and denied the State the opportunity to call Kenneth as a witness. Only Officer Willis testified at the forfeiture hearing. At the close of the State’s case-in-chief, the trial court granted Arthur Davis’ request for a directed verdict/involuntary dismissal.
FORFEITURE OF CONTRABAND
The State contends the trial court erred in not concluding that it met the requirements of the forfeiture statute, LSA-R.S. 32:1550. In brief, the State avers that the facts of this case closely track the circumstances surrounding the forfeiture of a large sum of currency in State v. Whiting, 493 So.2d 286 (La.App. 2nd Cir.1986), writ denied, 496 So.2d 354 (La.1986). The Whiting case is distinguishable because it concerns defendants who were under arrest, had marijuana gleanings in the vehicle, and made inculpatory statements. In other words, the evidence supported that the money was contraband, which evidence is totally lacking in the present case.
LSA-R.S. 32:1550 provides in pertinent part:
“A. The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
(1) All controlled dangerous substances which have been produced, manufactured, distributed, dispensed, or acquired in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled dangerous substances in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(3) All cash which is used, or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of property described in Paragraphs (1) and (2) of this Subsection.
* * # * * *
C. Except as provided in Paragraph (4) of this Subsection, property seized under this Chapter shall be forfeited in a hearing instituted by the district attorney upon:
(1) A showing by the district attorney that the seizure was constitutional or that the seizure was made upon rea *1049 sonable grounds to believe the seizure was constitutional; and
* * * * * *
(3) A showing by the district attorney that the value of the contraband was in excess of five hundred dollars or that the contraband was intended for commercial sale.
(4) In any forfeiture proceeding under this Chapter if the owner of the subject property is acquitted of criminal charges for the violation of any provision of the Uniform Controlled Dangerous Substances Law, or if such charges against the owner are dismissed, the court shall consider such acquittal or dismissal in the forfeiture proceeding. An acquittal or dismissal shall create a rebuttable presumption that the subject property shall not be forfeited, unless a compelling reason for such forfeiture is shown by clear and convincing evidence.” (Emphasis Added.)
Things which may be forfeited because they are the immediate instruments of a crime, but which are not intrinsically illegal to possess are termed derivative contraband. State v. Manuel, 426 So.2d 140 (La. 1983). Thus, common items such as tractor-trailer trucks, fishing tackle, ships, and currency which are not by their very nature illegal to possess are transformed into illegal items when used in connection with criminal activity. State v. Cook, 203 La. 95, 13 So.2d 478 (1943); State v. Bellande, 241 La. 213, 128 So.2d 14 (1961); Oyster Commission of Louisiana v. Schooner ‘‘Carroll C”, 6 Orl.App. 51 (La.1908); State v. Whiting, supra.
It is a fundamental rule that the State bears the burden of proving that the property in question is derivative contraband. State v. Spooner, 520 So.2d 336 (La.1988). Once the State passes this initial hurdle, it must prove beyond a reasonable doubt[2] that:
1) valid grounds exist for forfeiture of the property under the statute which do not conflict with the constitution;
2) the seizure was in conformity with the constitution and the law or was made upon reasonable grounds to believe that it so conformed;
3) the owner of the conveyance was knowingly and intentionally a consenting party or privy to a violation of the controlled dangerous substances statute; and,
4) the value of the contraband was in excess of five hundred dollars or the contraband was intended for commercial sale.
State v. Manuel, supra at 147.
Where there is no conviction, but where the owner of the property in question is acquitted of charges under the controlled dangerous substances statute or the aforementioned charges are dismissed, the State then has the burden of rebutting the presumption that the property shall not be forfeited by demonstrating a compelling reason by clear and convincing evidence. LSA-R.S. 32:1550(C)(4).
In the case sub judice, the State has failed to show that the $8,000.25 is derivative contraband. Officer Willis testified that he seized the money because of the inconsistent statements given by the three, the small denominations of the currency, the criminal history of Kenneth Davis, and the alleged incriminating statement by Arthur Davis. Officer Willis stated that he suspected that the three were en route to purchase marijuana, but candidly admitted that no one was arrested simply because no crime had been committed. Three extensive roadside vehicle searches yielded no illegal drugs and once Arthur Davis returned to the vehicle with the receipt for the confiscated money, all three were allowed to leave. In addition, Officer Willis cannot rely on the alleged incriminating statement made by Arthur to justify the *1050 seizure since the statement was made after the seizure of the money.
Moreover, since Arthur Davis, the owner of the money, was not charged under the controlled dangerous substances statute, the State also has the burden of rebutting the presumption that the property shall not be forfeited. LSA-R.S. 32:1550(0(4). In reviewing the record, we find no compelling reason proven by clear and convincing evidence why the property should be forfeited. Admittedly, all of the circumstances surrounding the traffic stop justifiably aroused Officer Willis’ suspicion, but suspicion of future criminal activity alone is not a sufficient reason for the swift exercise of our State’s broad police powers.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the District Attorney’s Office.
WRIT DENIED.

. The State proceeded by way of appeal, but a judgment denying a petition for forfeiture of contraband is not an appealable judgment. State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984), writs denied, 466 So.2d 465, 466 (La.1985). In the interests of judicial economy, we will treat this appeal as an application for supervisory writ.

. While our Supreme Court declined to confront the issue of the precise burden of proof in a forfeiture case in State v. Spooner, supra, it did acknowledge in footnote 10 that State v. Manuel, supra, requires the State prove the grounds for the forfeiture beyond a reasonable doubt. In Manuel, criminal charges were pending. In Spooner, defendant pleaded guilty before the forfeiture proceedings. In the case before us, there was no criminal charges or arrests.