671 So.2d 1182 (1996)
STATE of Louisiana, Appellee,
v.
Johnny Ray LOTT, Appellant.
No. 27849-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
*1183 Teat & Avery by Darrell R. Avery, Jonesboro, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, James R. Hatch, Assistant District Attorney, for Appellee.
Before NORRIS, HIGHTOWER and CLARK, JJ.
HIGHTOWER, Judge.
The district court in this case determined that, at the time of his sentencing, James Ray Lott possessed the requisite mental capacity. Defendant challenges that ruling and the procedure utilized. We affirm.

FACTS
On November 30, 1989, a jury convicted Lott of attempted second degree murder. Thereafter, prior to sentencing, he filed an application to appoint a sanity commission to determine his mental capacity to proceed. The trial judge ruled that motion to be untimely, however, and imposed a fifty-year term of hard labor imprisonment on March 7, 1990. On direct appeal, this court affirmed the conviction, but ruled that the district judge erred in failing to hear defendant's sanity motion prior to sentencing. As a result, we conditionally affirmed the sentence and remanded for the taking of evidence on the motion for a sanity commission. See State v. Lott, 574 So.2d 417 (La.App. 2d Cir.1991), writ denied.
On remand, the trial court appointed Dr. Aris Cox and Dr. Jenaro Guiterrez to a sanity commission on September 30, 1991, with instructions to examine defendant to determine his mental competency at the time of sentencing. Dr. Guiterrez filed his report into the record on November 14, 1991; however, Dr. Cox did not submit his response until June 15, 1993.
The district attorney then filed a motion and order to fix a hearing on the competency issue. The district judge, however, on May 25, 1994, after simply considering the sanity commission reports, found no reason to doubt Lott's mental capacity and "affirmed" the sentence. We subsequently granted defendant's post-conviction relief application seeking a review of that determination. Thereafter, upon concluding that the trial court erred in forgoing a competency hearing as directed in the earlier opinion, we exercised our supervisory jurisdiction by ordering that the district court conduct a contradictory proceeding in accord with La.C.Cr.P. Art. *1184 647 and allow the defense to present evidence. See State v. Lott, 27,069-KH (La. App. 2d Cir. 10/27/94).
In compliance with that directive, the district court appointed counsel to represent Lott and conducted a hearing on December 6, 1994. At that proceeding, Dr. Cox testified that he examined defendant and reviewed his medical records on May 21, 1993, finding no evidence of any mental illness or psychiatric difficulty or any history of such problems. Thus, in the psychiatrist's opinion, Lott had been competent at the time of his sentencing. He further stated that he had discussed the case with Dr. Guiterrez and that they agreed that no evidence of incompetency existed. That opinion additionally appeared in Dr. Guiterrez's report, introduced by the state over defense objection.
Defendant presented only his own testimony. In a very vague manner, he indicated he could not communicate with his attorney because of alcohol and drugs used by Lott prior to the date of his jury trial. But, when asked if he had consumed any such substances before sentencing (more than three months after his conviction, when the court immediately remanded him into the custody of the sheriff), he answered, "No."
Reviewing the evidence, the district court found Lott to have been competent at sentencing. Consequently, in accordance with the first appellate opinion in the matter, the trial judge ordered that the original sentence be executed. This appeal ensued with defendant asserting three assignments of error.[1]

DISCUSSION

Failure to Vacate Sentence
Lott first contends that the trial court erred in failing to vacate the sentence prior to the competency hearing even though, at the time of our original appellate decision, it had been accepted practice, under State v. Aylor, 416 So.2d 927 (La.1982), to affirm convictions conditionally and remand for a retroactive determination of sanity. In support of his argument, defendant relies upon the supreme court's opinion in State v. Nomey, 613 So.2d 157 (La.1993), which concluded that the established procedure violated La. C.Cr.P. Arts. 642 and 647, as well as an accused's due process rights. Even so, we do not find this contention meritorious in the present case.
In Nomey, the defendant filed a motion to appoint a sanity commission prior to his plea of guilty. In that situation, the supreme court found the trial judge's acceptance of the plea without first resolving the issue of capacity to be a violation of the accused's right to a fair trial, regardless of whether a retroactive determination of sanity could be made. That opinion, nevertheless, specifically indicated that not all nunc pro tunc evaluations of sanity would be foreclosed. Instead, such an approach will be permissible in limited circumstances, e.g., where "the issue of competence is not raised at trial." Nomey, supra at 161, fn. 8. Similarly, our federal brethren, while generally discouraging such after-the-fact undertakings, have repeatedly sanctioned that procedure where a meaningful evidentiary hearing into the defendant's competency can be conducted. See Miller v. Dugger, 838 F.2d 1530 (11th Cir. 1988); United States v. Makris, 535 F.2d 899 (5th Cir.1976). Certainly, in instances like the case at bar, an ex post facto assessment serves the efficient administration of criminal justice. See State v. Clark, 93-903 (La.App. 3d Cir. 03/16/94), 638 So.2d 225.
It is fundamental, of course, that a defendant who lacks the capacity to understand the proceedings against him or to assist counsel in preparing a defense may not be subjected to trial. La.C.Cr.P. Art. 641; Godinez v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); State v. Brooks, 541 So.2d 801 (La.1989). Still, it may be constitutionally permissible to require a marginally competent defendant to make certain kinds of decisions, but not others. Chavez v. U.S., 656 F.2d 512 (9th Cir. 1981); see also United States v. Liberatore, *1185 846 F.Supp. 569 (N.D.Ohio 1994). Due process does not require the same safeguards in all situations. Indeed, certain members of the United States Supreme Court have inferred that the usual competency standard employed during pretrial and trial phases may not be applicable to sentencings. See Godinez, supra (Kennedy, J., concurring);[2]United States v. Liberatore, supra.
More correctly, where certain non-trial proceedings are at issue, the test becomes whether the defendant is able to understand the nature of the activities and participate intelligently to the extent participation is called for. Chavez, supra; see United States v. Liberatore, supra. Put differently, competency must be assessed with specific reference to the gravity of the decisions faced by the defendant and the consequences presented by the particular proceeding. Id. Thus, in reference to a sentencing situation, the court should determine whether the defendant understands the nature of the sentencing and can offer the kind of rational assistance expected of him in conjunction with that phase of his case. See United States v. Liberatore, supra.
Consistent with these precepts, we find the instant case to be distinguishable from Nomey and within the limited class of situations where a retroactive determination of sanity does not violate due process. First of all, it cannot be said that this defendant has been denied a fair trial. He did not raise the issue of incapacity at trial, and the mental defect now alleged did not arise until after his trial and conviction. Second, as discussed above, a person's capacity to proceed is less critical at the sentencing stage than at trial. Sentencings are comparatively less complicated, require a lower level of participation on the part of the defendant, and demand minimal communications with an attorney. At that stage, as a largely passive participant, the defendant should simply understand why he has been sentenced to the term meted out by the court. Third, upon reviewing the sanity commission reports and the hearing conducted here, we conclude that a reliable evidentiary analysis has been held. The medical evidence strongly shows Lott to have been competent when he received sentence.
We thus conclude that the procedures ordered by this court and utilized by the district judge are not precluded by Nomey. Cf. State v. Clark, supra. Besides, even if failing to vacate the sentence in advance of the hearing constituted error, we are convinced it is harmless. See La.C.Cr.P. Art. 921. Cf. State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied; State v. Young, 576 So.2d 1048 (La.App. 1st Cir.1991), writ denied.

Admissibility of Sanity Commission Report
Lott next maintains that the district judge should not have received into evidence the report of Dr. Guiterrez, one of the sanity commission members. We again disagree.
The report of the sanity commission is expressly admissible into evidence at the competency hearing, and members of that body may be called as witnesses by the court, the defense, or the district attorney. La. C.Cr.P. Art. 647; see also La.R.S. 15:425. Logically, that report will contain the appointed experts' conclusions as to the defendant's mental capacity to proceed. State v. Veal, 326 So.2d 329 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975); cf. State v. Farrar, 374 So.2d 1204 (La.1979). To this extent then, Article 647 sets forth a specific legislative exception to the usual rules of evidence during the less formal contradictory hearing concerning competency. See State v. Farrar, supra. This same provision also afforded defendant the right to subpoena Dr. Guiterrez for cross-examination, an option Lott chose not to exercise.

Determination of Sanity
In his final assignment, Lott directly complains about the trial court conclusion that he had been competent at his sentencing.
*1186 Because Louisiana law presumes sanity, the defendant faces the burden of establishing his incapacity. State v. Brooks, supra; State v. Narcisse, supra; State v. Bennett, 345 So.2d 1129 (La.1977); State v. Tyler, 607 So.2d 910 (La.App. 2d Cir.1992), writ denied. Furthermore, that determination of competency is ultimately and solely the court's responsibility. State v. Brooks, supra; State v. Tyler, supra. Thus, the district judge's evaluation of a defendant's mental capacity is entitled to great weight and will be reversed only if it is clearly erroneous. State v. Brooks, supra; State v. Bennett, supra.
The present record contains no convincing evidence that defendant lacked the capacity to proceed at the time of sentencing. Dr. Cox's report states that Lott's prison records, some even dating prior to the commission of the present offense, reveal no history of psychiatric problems. Clearly, the two psychiatric experts concluded defendant had been capable of understanding the sentencing proceedings and assisting his attorney. The only contradictory feature presented is Lott's own self-serving and unimpressive testimony that, due to drugs and alcohol consumed prior to trial, he lacked the capacity to communicate. Even so, he readily admitted he had not partaken of such substances before being sentenced.
In short, the trial court did not err in its ruling. This assignment lacks merit.

CONCLUSION
For these reasons, we sustain the trial court's determination that Lott possessed the capacity to proceed at the time of sentencing. Accordingly, his sentence stands
AFFIRMED.
NOTES
[1] Previously, in addressing another post-conviction application by defendant, this court addressed the same three issues. See State v. Lott, 27,730-KH (La.App. 2d Cir. 04/20/95). While our decision remains the same, we now, acting out of an abundance of caution, speak to those questions in more detail so that this case may reach a final resolution.
[2] In his concurrence, joined by Justice Scalia, Justice Kennedy stated: We have not suggested that the [usual] competency standard applies during the course of but not before trial. Instead, that standard is applicable from the time of arraignment through the return of a verdict.